```
          IN THE UNITED STATES DISTRICT COURT
         FOR THE NORTHERN DISTRICT OF ILLINOIS
                     EASTERN DIVISION
```

AMCORE BANK N.A.,            )
                             )
            Plaintiff,       )
                             )
     v.                      )     No.  07 C 4934
                             )
RANDALL J. HOUSE,            )
                             )
            Defendant.       )

<u>MEMORANDUM ORDER</u>

In an adversary proceeding (No. 06 A 444) brought in the Chapter 7 bankruptcy of debtor Randall House ("House")(No. 05 B 55311), Bankruptcy Judge Manuel Barbosa has rejected the challenge of Amcore Bank N.A. ("Amcore") to the dischargeability of House's indebtedness to it.  When Amcore then took an appeal from that decision, this Court held an initial status hearing during which it advised counsel for the parties that there was no need to repeat via new filings what they had already argued before Judge Barbosa, inviting them instead to submit any additional arguments and authorities that they regarded as necessary--or even helpful--on appeal.  Amcore's counsel has responded with a brief half-page filing that stated Amcore would "rest upon the cases that it cited in its Proposed Finds [sic] of Fact and Conclusions of Law" tendered to Judge Barbosa and asked that his decision "be reversed as against the manifest weight of the evidence."

This Court has reviewed both sides' Proposed Findings of

Fact and Conclusions of Law as well as Judge Barbosa's opinion. Those submissions by the parties reveal that their quarrel is not as to the content of the evidence that they respectively offered in the adversary proceeding, but is rather as to Judge Barbosa's resolution of any conflicts in that evidence and as to his application of the evidence as he determined it to the applicable principles of law. Resolution of any conflicting versions of events in the first instance is of course for the finder of fact--here Judge Barbosa. This Court's function is to review those and any other findings of fact for clear error, while the Bankruptcy Court's conclusions of law are reviewed de novo (see, e.g., In re Smith, 286 F.3d 461, 464-65 (7th Cir. 2002) and cases cited there).

Here that task is an easy one because of the thoroughness and lucidity of Judge Barbosa's opinion. Not only are his findings of fact free from clear error but, to the contrary, they are free from error simpliciter. And no extended discussion is needed to confirm that his conclusions of law are impeccable indeed.

To begin with, the burden rests on Amcore to establish any exception to dischargeability by a preponderance of the evidence (Grogan v. Garner, 498 U.S. 279, 286-87, 291 (1991)). To that

end Amcore seeks to invoke two subsections of 11 U.S.C. §523(a)[1]: Section 523(a)(4) in two respects and Section 523(a)(6) in one respect.

As for Amcore's Section 523(a)(4) claim of House's asserted fraud or defalcation while acting as a fiduciary, Amcore has unquestionably flunked the need to show a "substantial inequality in power or knowledge in favor of the debtor seeking the discharge and against the creditor resisting discharge" as required by In re Woldman, 92 F.3d 546, 547 (7th Cir. 1996)(quoting In re Marchiando, 13 F.3d 1111, 1116 (7th Cir. 1994)), while as to Amcore's Section 523(a)(4) claim of embezzlement and larceny, Judge Barbosa's factual determination that House lacked the fraudulent intent required under either theory (see, e.g., In re Webber, 892 F.2d 534, 538 (7th Cir. 1989) and In re Rose, 934 F.2d 901, 903 (7th Cir. 1991)(per curiam)) is certainly free from clear error. And the same is true as to Judge Barbosa's factual determination that House did not act wilfully or maliciously, as Section 523(a)(6) would require (see, e.g., In re Thirtyacre, 36 F.3d 697, 700 (7th Cir. 1994)).

Accordingly this Court simply approves and adopts Judge Barbosa's opinion. It affirms his decision that House's

---

[1] All further references to the statutory provisions will simply take the form "Section--."

indebtedness to Amcore is dischargeable.

```
                          _____
                          Milton I. Shadur
                          Senior United States District Judge
```

Date: October 4, 2007